**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

DAMIAN KIRBY,
REG. #04620-061                                                                                            PLAINTIFF

v.                                          2:11-cv-00014-DPM-JTK

T. C. OUTLAW, Warden, Federal
Correctional Institution, Forrest City, et al.                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P.

Marshall Jr.   Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations. The copy will be furnished to the opposing party. Failure to file timely objections

may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

    1.     Why the record made before the Magistrate Judge is inadequate.

    2.     Why the evidence proffered at the hearing before the District
           Judge (if such a hearing is granted) was not offered at the
           hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.     Introduction**

Plaintiff Damian Kirby, a federal inmate confined at the Federal Correctional Institution (FCI) in Littleton, Colorado, filed this pro se federal civil rights (Bivens) action, alleging numerous constitutional violations against Defendants which occurred while he was incarcerated at the FCI, Forrest City, Arkansas.

**II.    Facts**

This Court granted Plaintiff's Motion to Proceed In Forma Pauperis (IFP) in this action by Order dated June 2, 2011 (Doc. No. 60).  The Court also directed Plaintiff to file an Amended Complaint, noting that he failed to include specific allegations against the original six Defendants in the body of his Complaint, and did not set forth any facts or specific circumstances in his Complaint.  (Id. at p. 3.)  The Court specifically directed Plaintiff to state the following in his Amended Complaint:

(1) the name of each individual personally involved in the actions at issue in the

complaint; (2) how each individual was personally involved in those actions; and (3) how each individual violated the Plaintiff's constitutional rights. Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places. This Amended Complaint will render his Original Complaint without legal effect, and will take the place of that pleading.

Id.

Plaintiff responded to the Court (Doc. No. 62), stating he did not understand the Court's instructions, and asked for an extension of time in which to file an Amended Complaint. The Court explained to Plaintiff, by Order dated July 1, 2011, that although he submitted much of the needed information in numerous filings with the Court, the information should be summarized in the single document entitled, Amended Complaint. (Doc. No. 66, p. 2.) The Court stated it could not construe the allegations he set forth in the numerous declarations, exhibits or letters he filed with the Court, and cited to FED.R.CIV.P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Id. The Court also advised Plaintiff that he must plead factual content which allows the court to draw a reasonable inference that each defendant is liable for the misconduct alleged, citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007). Id. The Court then provided Plaintiff with one final opportunity to "submit a single document which lists his Defendants, and specifies the actions each of the Defendants took against Plaintiff and how those actions violated Plaintiff's constitutional rights," including references to dates, times and places. Id.

The Court warned Plaintiff that if he did not comply with the instructions, his Complaint would be dismissed for failure to state a claim pursuant to Ashcroft v. Iqbal, 556 U.S. ____, 129 S.Ct. 1937 (2009), and Twombly, 550 U.S. 544.

### III.    Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints

seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court

must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally

frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing

pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780

F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough

facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.   The Court

must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly

baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### IV.    Facts and Analysis

Plaintiff has now submitted an Amended Complaint, setting forth seven claims against thirty

Defendants.  However, Plaintiff does not include specific allegations against any of these Defendants

as instructed by the Court in its prior Orders.  Rather, he alleges violations of constitutional rights

by a list of individual defendants, and then refers to numerous grievances and other documents

which were submitted at the time of the unknown incidents.[1]   Plaintiff does not, however,

---

[1]

For example, "Claim One: Constitutional Rights Violation of First, Fifth, Fourteenth and Sixth
Amendments. 1. My right to Freedom of Speech & Expression in Prison; Limits on Censorship of
mail; Retaliation for Reporting Misconduct & Discrimination based on my charge....Plaintiff alleges

incorporate into his Amended Complaint any of the facts or circumstances which were set forth in those grievances or which would show how the Defendants acted to violate his rights. Therefore, the Court cannot draw reasonable inferences from this Amended Complaint that any of the Defendants acted unlawfully.

Again, the Court finds Plaintiff's latest Complaint fails to comply with FED.R.CIV.P. 8. The Court has provided Plaintiff with clear instructions about the content of his complaint, and has provided Plaintiff with numerous opportunities in which to submit a complaint setting forth an articulated claim against Defendants. However, Plaintiff once again fails to comply with the Court's directions and with Rule 8. Therefore, his Complaint should be dismissed.

## V.      Conclusion

IT IS, THEREFORE, RECOMMENDED that Plaintiff's Complaints against Defendants be DISMISSED without prejudice for failure to comply with FED.R.CIV.P. 8(a)(2) and this Court's prior Orders.

IT IS FURTHER RECOMMENDED that this dismissal constitute a "strike" within the meaning of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).[2]

---

and accuses the following Bureau of Prisons Staff: One, Cpt. Howard, in so orders staff to intercept mail of Plaintiff, Cos Garner, Huddleston, Killingsworth, Brockway, Warren, Gills, Davis, MaKool, Hanks, Leathers, White, Pruett, Coleman, Clark, Lt. Chatter and Lt. Steel and Lt. Ricolcol involvement with see BP 81/2" 10-31-10 17.45 grievance. Doc. #3-1 pg 9 of 59. Two, CO Leathers, and Lt. Steel or Lt. Chatters, see BP 81/2" 10-10- 23:15 grievance Doc. #3-1 pg. 12 of 59.  See day Activity Log Entries (DALE) Doc. #9-1 pg. 13 of 58 (Entry 11-10-10=2315). Three, Lt. McIntosh, CO Hanks, CO Killingsworth, CO David, CO Leathers, Lt. Steel. See BP 81/2 11-11-10 0730 grievance Doc. #3-1 pg 14 of 59.  See DALE Doc. #9-1 pg. 13 of 58 (Entries 11-11-10 around 0730 through 11-12-10=2450)....."

[2]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS FURTHER RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3) that an in forma pauperis appeal from an Order adopting this Recommendation is not taken in good faith.

IT IS SO RECOMMENDED this 23rd day of August, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE